UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Kevin A. Williams,
    Plaintiff,

v.      10-3126

Michael J. Pelletier and the
State of Illinois Office of State
Appellate Defender,

    Defendants.

### Case Management Order (Merit Review)

The plaintiff is currently incarcerated in Pontiac Correctional Center.  He has filed a 42 U.S.C. § 1983 suit challenging the state appellate defender's delay in filing the plaintiff's appellate brief in his criminal appeal.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the plaintiff's action, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."

The merit review standard is the same as the motion to dismiss standard.  To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955.  The court also keeps in mind that pro se pleadings are liberally construed.  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

The plaintiff sues the State Appellate Defender and the Office of the Appellate Defender for delays in filing his appellate brief.  He contends that Defendant Pelletier intentionally underfunded and understaffed the office, which has caused a policy and practice of 10-12 month delays in filing appellate briefs in appeals of criminal convictions.  His appellate brief was allegedly due February 17, 2010, and apparently it has still not been filed.  He asserts that these delays are depriving him of his right to a timely appeal and extending his wrongful incarceration.  He seeks damages and injunctive relief directing the defendants to stop delaying his appeal.

This claim, if it can proceed in federal court, would proceed as a habeas claim, not as a claim for damages and injunctive relief under 42 U.S.C. § 1983. This is because the claim goes to the validity of the plaintiff's confinement. *See, e.g., Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993)("We can assume [without deciding], that excessive delay in the processing of a criminal defendant's state appeal can be a denial of due process of law.")(finding habeas challenge to delay in appeal moot); *U.S. ex rel. Green v. Washington*, 917 F.Supp. 1238 (N.D. Ill. 1996)(class action challenging inordinate delays in criminal appeals resulting from underfunded and understaffed Office of State Appellate Defender); *see other examples of habeas cases below*.

Converting this case to a habeas case is inappropriate, since habeas cases carry different requirements and consequences that the plaintiff should carefully consider. *See Moore v. Pemberton*, 110 F.3d 22, 23-34 (7th Cir. 1997)(discussing differences in actions). For example, normally exhaustion of state remedies is required, unless "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(ii). The plaintiff's appellate brief is four months late, which is significantly less than the average 18 month delay in *Green*, a case in which exhaustion was excused. *Compare Green with Brown v. Shaw*, 2009 WL 5166220 (N.D. Ill. 2009)(not reported in F.Supp.2d)(14-month delay in filing appellate brief not inordinate delay; habeas petition dismissed without prejudice, and plaintiff allowed to seek reinstatement of habeas action when appellate case pending two years); *Bell v. Robert*, 402 F.Supp.2d 938, 943 (N.D. Ill. 2005)(habeas case challenging delay in criminal appeal, remarking that Seventh Circuit has so far deemed a 17 month delay as shortest period for "inordinate" delay)(collecting cases)(dismissing case without prejudice for failure to exhaust).

The court will thus dismiss the case without prejudice to refiling as a habeas corpus case. *See Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005). The court is not deciding the merits of the case. "Without prejudice" means that the plaintiff may refile his case immediately as a habeas corpus action, subject to the rules and limitations of those proceedings. The court expressly states no opinion on the potential merits of a habeas corpus petition.

IT IS THEREFORE ORDERED that the plaintiff's petition to proceed in forma pauperis is denied (d/e 3), because this action cannot proceed under 42 U.S.C. § 1983. This case is dismissed without prejudice and terminated, no merit review hearing necessary. All pending motions are denied as moot (d/e 4).

Entered this 15th Day of June, 2010.

**\s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE